EDWARD WILLIAM SIEDLER, RELATOR, v. THE MAYOR, THE CITY COMMISSIONERS, THE CITY CLERK, THE CITY TREASURER, ALL OF THE CITY OF OCEAN CITY, AND THE CITY OF OCEAN CITY, NEW JERSEY, RESPONDENTS.

Argued January 21, 1932—Decided May 17, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the relator, Edward William Siedler, and for the mortgagees Sarah A. Wilde and Flora DeVaul, *Augustus S. Goetz* (*E. G. C. Bleakly,* of counsel).

For the respondents, *Andrew C. Boswell* and *French B. Loveland.*

The opinion of the court was delivered by

CASE, J. This matter comes up on alternative writ of *mandamus.*

Although there are several respondents named in the writ, all of these except the corporate respondent are named because of their official position in connection with the city, and for convenience the city of Ocean City will be herein referred to as the respondent.

Amongst the stipulated facts that constitute the inducement of the writ are the following: Land of the relator, Edward William Siedler, was taken by the city of Ocean City, a municipal corporation of this state, by condemnation proceedings for a public highway, and there was awarded to the relator by the condemnation commissioners damages of $3,850 and interest thereon from May 28th, 1930. That award is admitted to be conclusive upon all the parties in interest. F. Stanley Kreps, the city solicitor of Ocean City, was the authorized agent of that city for the purpose of making payment. Siedler was not entitled to the entire award inasmuch as a mortgage in the amount of $900 held by Sarah A. Wilde and a further mortgage in the amount of $3,000 held by Flora DeVaul were liens on the land. The city of Ocean City paid over to Kreps its check drawn to the order of F. Stanley Kreps, solicitor of the city of Ocean City, in the amount of $4,081, being the entire award plus interest, to be disbursed by him to the persons entitled. Kreps deposited the check to the account of "F. Stanley Kreps, trustee." Thereupon, on Kreps' demand, as a prerequisite to the payment of any of the money, there were delivered to Kreps as city solicitor a deed from Siedler to the city for the property and a release (which contained a named consideration of $750) of the condemned property from the mortgage held by Flora DeVaul, and the Sarah A. Wilde mortgage for $900 was delivered up to Kreps endorsed for cancellation. The deed and the DeVaul release were recorded and the Wilde mortgage was canceled of record. Thereafter, on September 23d, 1931, Kreps gave his check payable to Augustus S. Goetz, attorney of Siedler, in the amount of $2,422. The

check was worthless for lack of funds. On September 22d Mr. Kreps forwarded by mail to Mrs. DeVaul a check for $750, which also was worthless for the same reason. After demand had been made upon the city for payment of the award, Andrew C. Boswell, then city solicitor, under date of October 6th, 1931, advised the city in writing that in view of the facts the city of Ocean City should not make settlement unless the city's liability be determined by a court of competent jurisdiction. Meanwhile Kreps had been arrested charged by William H. Campbell, commissioner of revenue and finance of the city, with the embezzlement of approximately $14,000 of the city funds. Nothing has been paid to either Siedler, DeVaul or Wilde.

The first argument advanced against the writ is that relator has a proper and adequate remedy by virtue of the provisions of the statute commonly known as the Eminent Domain act and bearing the title "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900)," (2 *Comp. Stat., p.* 2182), of which we shall presently speak with greater particularity.

The writ of *mandamus* is the proper remedy to enforce public rights and to compel officers to do their duty. *Miller* v. *Township Committee of Bridgewater,* 24 *N. J. L.* 54. It has long been recognized as a proper remedy to compel payment for lands taken for road purposes where another specific remedy is not provided. *Miller* v. *Township Committee of Bridgewater, supra; Barber* v. *Delaware,* 76 *Id.* 371. In *Mayor and Aldermen of Jersey City* v. *Gardner,* 33 *N. J. Eq.* 622, Mr. Juticse Knapp, speaking for the Court of Errors and Appeals, said (on page 628) with respect to lands condemned by a municipal corporation for street purposes:

"When the conditions have arisen on which it is made the duty of the city to pay, and the right of the owner to be paid, an ascertained amount of compensation, the owner may have a suit at law for its recovery, or, at his instance, payment may be enforced by *mandamus.* And such right of suit is not dependent upon express authority in the act to sue; it

exists if no other statutory mode of obtaining payment is prescribed. So long as there remains in the municipal body condemning lands under the power of eminent domain, the right of withdrawal from the condemnation proceedings, there can be no such right of action, but the liberty to so retire ceases upon the legal adjustment of the amount to be paid, and the acceptance by the public body of the property. * * * Judge Dillon says where the owner's right to damage is complete or vested, he may, in proper cases, sue the municipality therefor, or have a *mandamus* to compel it to pay or to proceed to collect the assessment which constitutes the fund from which payment must come. *Dill. Mun. Corp.* § 479, and cases cited. The 'proper cases' for suit, as I understand that author, are where no other specific mode of redress is prescribed in the act which directs the improvement."

Is there a specific mode of redress prescribed in the act under which the condemnation in the case at bar is had? We think not. The record does not inform us under what statute the city condemned, but from the reference in respondent's brief we assume that the proceeding was under the Eminent Domain act already cited. Section 7 of that statute provides:

"The said report [viz., the report of the commissioners fixing the award], together with the petition and orders, or a copy thereof certified by the clerk of the county, shall be plenary evidence of the right of the owner to recover the amount awarded, with interest and costs, in an action upon contract in any court of competent jurisdiction, in a suit to be instituted against the petitioner after neglect to pay the same for twenty days after the filing of the report, and shall from the time of filing the report be enforceable as a lien upon the property taken and any improvements thereon."

There would be redress by this method if the owner were the only party entitled, but no redress is here given for the other parties interested and because this is so and to the extent of their outstanding interests, there is no adequate redress either for them or for the owner or other person obligated

by the bonds to which the mortgages are collateral. Section 8 of the same statute provides that "in case the party entitled to receive the amount assessed by the commissioners shall refuse upon tender thereof to receive the same, or shall be out of the state or under any legal disability, or in case several parties being interested in the fund shall not agree as to the distribution thereof, or in case the lands or other property taken are encumbered by any mortgage, judgment or other lien, or in case for any other reason the petitioner cannot safely pay the amount awarded to any person, in all such cases, on petition to the chancellor, * * * the amount awarded may be paid into the Court of Chancery by order of the Chancellor * * *." But this procedure is, we think, at the option of the condemning body. We find nothing in the paragraph to suggest that the person entitled to the award may compel the city or other petitioner in condemnation to pay the funds into the Court of Chancery for distribution by the Chancellor.

We are unable to find within the statute itself a specific mode of redress for the difficulties with which the owner and the mortgagees are faced.

No other adequate remedy is suggested. An action in trespass will not lie for the reason that the city is the record owner free of encumbrance and has the relator's deed. The remedy to the mortgagees by simple foreclosure of their respective mortgages will not suffice because the one mortgage is canceled of record and the other mortgage, marked off from the lands in question by the recorded release, covers still other property. Other procedures are beset by other difficulties. But, to come back to the rule stated in *Mayor, &c.,* v. *Gardner, supra,* we find no statutory mode of obtaining the payment of the full award, and unless there be other competent objection, we think the relator should have his writ.

It is next submitted by the respondent that the application for *mandamus* is premature. But the right is clear. There was an award which, by stipulation, is conclusive upon all the parties in interest. That award has not been paid to the persons entitled. Exclusive of *mandamus,* as we have said,

there is no effectual legal remedy. The attitude of the respondent, consistent with the advice of its attorney, makes manifest the intention of the respondent not to pay the award until it shall be obliged to do so by a mandate of a court of competent jurisdiction. That is enough. *Lindabury* v. *Freeholders of Ocean,* 47 *N. J. L.* 417, 421.

The third and final defense interposed by the respondent is that it is relieved of responsibility by virtue of an act of the legislature entitled "An act concerning liability for participation in breaches of fiduciary obligations to make uniform the law of reference thereto." *Pamph. L.* 1927, *ch.* 30, commonly known as the Uniform Fiduciaries act, *Cum. Supp. Comp. Stat.* (1925-1930), *p.* 1910. It is said that the city in paying the amount of the award to its attorney for distribution thereby constituted the attorney a fiduciary and that therefore it is no longer responsible to the relator for the payment of the award inasmuch as section 2 of the statute just mentioned provides that "a person who in good faith pays or transfers to a fiduciary money or other property which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof for the fiduciary." Otherwise stated, the respondent claims that, having paid money to its agent, it is thereby relieved of the obligation to its creditor and that the embezzlement of the funds by the respondent's agent is a loss that the creditor must bear. The statute, of course, is not to be so interpreted. There is nothing in the statute that unsettles the right of the relator to payment.

The writ commands in the alternative that the respondents shall pay the award to Edward William Siedler and the mortgagees or to their attorney. It is manifest that the award ought to be so paid, that there is no adequate remedy other than *mandamus* whereby that result may be compelled and that *mandamus* will effectively serve. Let a peremptory writ issue.